FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2009 MAY -4  PM 1: 35

GREGORY C. LANGHAM
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. '09 - CV - 01028-cma-mjw

BY_____DEP. CLK

STEPHEN BURDEN,

                              Plaintiff,

v.

ISONICS CORP,

                              Defendant

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Stephen Burden states as follows for his Complaint against Isonics Corp

("Isonics").

### I. PARTIES, JURISDICTION, AND VENUE

1.      Stephen Burden is an individual who resides at 22114 Anasazi Way, Golden,

Colorado 80401.

2.      Isonics is a California corporation which had several hundred employees and

substantial operations in Golden, Colorado, including at 5906 McIntyre Street, Golden, Colorado

80403 during the time period the events alleged took place.  Current headquarters for Isonics is

535 8th Avenue, 3rd Floor, New York NY 10018-2491.

3.      Venue is appropriate in this District because a substantial portion of the events

alleged herein took place in this District.

4.      Subject matter jurisdiction is appropriate because Mr. Burden is bringing an

action against Isonics under a federal statute, 29 U.S.C. § 626, *et seq.*

5.      This Court has personal jurisdiction over Isonics because it conduct business in Colorado, including that which is the subject of this lawsuit.

6.      Mr. Burden filed a timely charge of age discrimination with the U.S. Equal Employment Opportunity Commission in July 2007.

7.      Mr. Burden received the Right-to-Sue from the U.S. Equal Employment Opportunity Commission on February 2, 2009.

## II. FACTUAL ALLEGATIONS

8.      Mr. Burden was employed by Isonics for over ten years and received substantial performance bonuses during that time.

9.      On March 30, 2007, Isonics notified Mr. Burden he was being terminated and on April 3, 2007 offered him a severance package in exchange for a release.

10.     Over the six month period prior to the termination, four employees, similarly situated to Mr. Burden, were terminated.  These employees were younger than Mr. Burden but were provided severance packages substantially greater than that offered Mr. Burden.

11.     After receiving the proposed separation agreement, Mr. Burden notified Isonics that he intended to seek counsel.

12.     Isonics terminated Mr. Burden without allowing him the 45 days afforded him under the Older Workers Benefit Protection Act of 1990 ("OWBPA"), 29 U.S.C. § 626(f)(1)(F)(ii).

13.     This latter action of Isonics was a violation of the OWBPA and further constituted

retaliation against Mr. Burden for exercising his legal rights under the aforementioned federal

statutes.

### III.  CLAIMS FOR RELIEF

**First Claim for Relief**
**Violation of Age Discrimination in Employment Act, 29 U.S.C. § 626, *et seq.***

14.     Mr. Burden incorporates all previous paragraphs into this claim.

15.     Mr. Burden was employed by Isonics.

16.     Upon his termination he was treated disparately based on his age, to wit, he was

offered less remuneration than were other younger, less-experienced employees.

17.     Mr. Burden was damaged by this disparate treatment in an amount to be proven at

trial.

### Second Claim for Relief
**Retaliation, 29 U.S.C. § 626, *et seq.***

18.     Mr. Burden incorporates all previous paragraphs into this claim.

19.     After receiving a separation agreement from Isonics that included a waiver of his

rights under the Age Discrimination in Employment Act, Mr. Burden notified Isonics that he

intended to seek counsel.

20.     Isonics then terminated Mr. Burden without allowing him the 45 days afforded

him under the Older Workers Benefit Protection Act of 1990 ("OWBPA"), 29 U.S.C. §

626(f)(1)(F)(ii).

21.     This latter action of Isonics constituted retaliation against Mr. Burden for

exercising his legal rights under the aforementioned federal statutes.

22.    Mr. Burden was damaged by this violation in an amount to be proven at trial.

**Third Claim for Relief**
**Violation of the Older Workers Benefit Protection Act of 1990, 29 U.S.C. § 626(f)(1)(F)(ii)**

23.    Mr. Burden incorporates all previous paragraphs into this claim.

24.    After receiving a separation agreement from Isonics that included a waiver of his rights under the Age Discrimination in Employment Act, Mr. Burden notified Isonics that he intended to seek counsel.

25.    Isonics then terminated Mr. Burden without allowing him the 45 days afforded him under the Older Workers Benefit Protection Act of 1990 ("OWBPA"), 29 U.S.C. § 626(f)(1)(F)(ii).

26.    This latter action of Isonics constituted a violation of the OWBPA.

27.    Mr. Burden was damaged by this violation in an amount to be proven at trial.

WHEREFORE, Mr. Burden respectfully requests actual, consequential, and punitive damages, including back pay, front pay, attorneys' fees and costs, pre- and post-judgment interest, and all other relief to which he is entitled under law

**MR. BURDEN REQUESTS A JURY TRIAL ON ALL CLAIMS SO TRIABLE**

DATED:  May 4, 2009

Respectfully submitted,

Stephen Burden, *pro se*
22114 Anasazi Way
Golden, CO 80401

## **Rule 11 Certification**

Pursuant to Rule 11, the undersigned, Eric B. Liebman, Reg. No. 27051, 1400 16th Street, Suite 600, Denver, CO 80202, (303) 292-7944, certifies that he assisted in the preparation of this pleading.  The undersigned certified that he complied with all requirements of Rule 11 and, pursuant to that Rule, is not entering an appearance with his signature below.

Eric B. Liebman, No. 27051