IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01028-CMA-MJW

STEPHEN BURDEN,

Plaintiff,

v.

ISONICS CORPORATION,

Defendant.

---

**RECOMMENDATION ON
DEFENDANT'S PARTIAL MOTION TO DISMISS
(Docket No. 8)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to the Order of Reference to United States Magistrate Judge issued by Judge Christine M. Arguello on May 6, 2009.  (Docket No. 2).

Now before the court for a report and recommendation is the Defendant's Partial Motion to Dismiss (Docket No. 8).  The pro se plaintiff filed a Response (Docket No. 13), and defendant filed a Reply (Docket No. 18).  The court has considered these motion papers and applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court's file.  The court now being fully informed makes the following findings, conclusions, and recommendation.

The pro se plaintiff's allegations in his Complaint and Jury Demand (Docket No. 1) include the following.  Plaintiff was employed by defendant for over ten years.  On March 30, 2007, however, he was notified that he was being terminated, and on April 3, 2007, he was offered a severance package in exchange for a release.  Over the six-

2

month period prior to such termination, four employees similarly situated to plaintiff were terminated. Three of those four employees were younger than plaintiff and were provided severance packages substantially greater than that offered to plaintiff. After receiving the proposed separation agreement, plaintiff notified defendant that he intended to seek counsel. Defendant terminated plaintiff without allowing him the 45 days afforded him under the Older Workers Benefit Protection Act of 1990 ("OWBPA"), 29 U.S.C. § 626(f)(1)(F)(ii). Such termination was a violation of the OWBPA and further constituted retaliation against plaintiff for exercising his legal rights under the aforementioned federal statutes.

Plaintiff alleges three claims for relief. In Claim One, plaintiff alleges a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, *et seq.*, because "[u]pon his termination, he was treated disparately based on his age, to wit, he was offered less remuneration than were other younger, less-experienced employees." (Docket No. 1 at 3, ¶¶ 14-17). In Claim Two, plaintiff alleges retaliation pursuant to 29 U.S.C. § 626, *et seq.*, because after receiving a separation agreement from defendant that included a waiver of his rights under the ADEA, he notified defendant that he intended to seek counsel, and then defendant terminated him without allowing him the 45 days afforded under the OWBPA. In Claim Three, plaintiff alleges a violation of the OWBPA because he was terminated without allowing him the 45 days afforded under the OWBPA. Plaintiff seeks actual, consequential, and punitive damages, including back pay, front pay, attorney fees and costs, pre- and post-judgment interest, and all other relief to which he is entitled under law.

Defendant moves to dismiss Claims Two and Three of the pro se plaintiff's

3

Complaint and Jury Demand for failure to state a claim upon which relief can be granted. More specifically, defendant asserts the following. With respect to Claim Two, retaliation under the ADEA, defendant asserts that the Complaint does not allege that plaintiff suffered any "adverse employment action" *prior* to being notified of his termination and does not allege a "causal connection" between the protected activity and the adverse action because plaintiff does not allege that he suffered an adverse employment action *after* engaging in a protected activity. With regard to Claim Three, which alleges a violation of the OWBPA, defendant asserts that because the plaintiff never alleges that he waived a right or claim under the ADEA, his allegation that defendant did not allow him the required review period in violation of the OWBPA fails to state a claim.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the Complaint as true and resolve all reasonable inferences in plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the Complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

4

formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . .  At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

**Claim Two**

The ADEA forbids employers from retaliating against an employee when that employee takes action in opposition to a discriminatory practice.  Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1122 (10th Cir. 2007) (citing 29 U.S.C. § 623(d)).  To establish a prima facie case of retaliation, a plaintiff must demonstrate (1) that he

5

engaged in protected activity, (2) that he suffered an adverse employment action, and (3) that a causal connection existed between the protected activity and the adverse action. Id. at 1122-23. Here, this court agrees with the defendant that the allegations in the Complaint do not satisfy the second and third elements.

Reading the Complaint liberally, the protected activity alleged in the Complaint was plaintiff's alleged act of informing the defendant that he intended to seek legal counsel,[1] and the "adverse employment actions"[2] were (1) that in the six months prior to his termination four other employees were offered greater severance packages, (2) on March 30, 2007, plaintiff was informed that he was being terminated, and apparently (3) plaintiff was not given the severance package offered in exchange for the release. According to the facts alleged in the Complaint, however, it was not until AFTER the first two alleged adverse employment actions occurred that plaintiff allegedly engaged in protected activity. Logic dictates that the defendant could not have been motivated to take an adverse action as a result of something that happened after the alleged adverse action was taken. See Jackson v. Lyons Falls Pulp & Paper, Inc., 865 F. Supp. 87, 95 (N.D.N.Y. 1994) ("[P]laintiff was already terminated before he was asked to sign a separation agreement or filed his EEOC charge. The requisite causal connection for retaliation claims may be established only if the protected preceded the claimed

---

[1] Hiring an attorney is activity protected by the ADEA. See Miller v. Eby Realty Group, 241 F. Supp.2d 1247, 1255 (D. Kan. 2003) (citing Connell v. Bank of Boston, 924 F.2d 1169, 1179 (1st Cir. 1991)).

[2] "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).

6

retaliation."). See also Straining v. AT&T Wireless Services, Inc., 144 Fed. Appx. 229, 232 (3rd Cir. 2005) (impossible for the employer's termination of benefits to have been caused in any way by the plaintiff's complaint because complaint had not yet been filed when the termination of benefits occurred); Glanzman v. Metropolitan Management Corp., 391 F.3d 506, 516 (3rd Cir. 2004) (retaliation claim failed because adverse employment action preceded the protected activity); Dilbert v. Potter, 2009 WL 1517734, *6 (N.D. Cal. June 1, 2009) ("[B]ecause the alleged adverse employment action . . . **preceded** Plaintiff's proffered protected activity . . ., that adverse action cannot serve as a basis for retaliation for engaging in the protected activity.") (emphasis in original); Wilson v. New York City Housing Auth., 2007 WL 1032262, *10 (S.D.N.Y. Apr. 2, 2007) (Plaintiff's *"prima facie* case of retaliation fails, however, because he cannot demonstrate the requisite 'causal connection' between the protected activity and his termination. Although plaintiff's burden in establishing a *prima facie* case of retaliation is 'a light one,' it still requires that 'the protected activity precede[] the adverse action in order to satisfy the causation requirement.'"); Matya v. Dexter Corp., 2006 WL 931870, *15 (W.D.N.Y. Apr. 11, 2006) ("The requisite causal connection for retaliation claims may be established only if the protected activity preceded the claimed retaliation."); Bryant v. Brownlee, 265 F. Supp.2d 52, 70 (D.D.C. 2003) ("Plaintiff's concession that the ostracism preceded plaintiff's protected activity is fatal to her retaliation claim as it undercuts proof of causation."). Therefore, plaintiff has not alleged the requisite causal connection between his alleged protected activity and the first two purported adverse employment actions.

With regard to the third purported adverse employment action, as defendant

notes, "several courts have found that declining to pay severance or settlement amounts (not otherwise due) when an employee refused to sign a waiver or release does not amount to an adverse employment action in the retaliation context." (Docket No. 8 at 6) (quoting E.E.OC. v. SunDance Rehabilitation Corp., 466 F.3d 490, 502 (6th Cir. 2006), and citing E.E.O.C. v. Nucletron Corp., 563 F. Supp.2d 592, 588-99 (D. Md. 2008) ("[T]he employer's action only reaches the level of retaliation if it denies severance benefits that are otherwise promised or owed . . ."); Miller v. Eby Realty Group, 241 F. Supp.2d 1247, 1255-57 (D. Kan. 2003) (Employer's withdrawal of an offer of enhanced severance benefits did not alter the terms, conditions, or benefits of the plaintiff's employment.)  This court similarly finds that the defendant's alleged act of not giving the plaintiff the severance package it offered in exchange for a release does not constitute an "adverse employment action" within the ADEA.  See Miller v. Eby Realty Group, 241 F. Supp.2d at 1256 (D. Kan. 2003) (The OWBPA "*requires* an employer to offer an employee additional consideration in exchange for an employee's waiver of his or her rights under the ADEA. . . . The act contemplates that an employer can refuse to provide an employee with the additional consideration offered in such a waiver agreement after the employee refuses to execute the agreement.  Even when the employee's refusal to waive his rights is accompanied by a statement that the employee is hiring legal counsel to pursue a discrimination claim, withdrawal of an offer of additional consideration remains a consequence contemplated by Congress in adopting the OWBPA.  Such a scenario is fundamentally different from that in which an employer, upon hearing that an employee wishes to enforce his rights, takes away a benefit to which an employee is already entitled.").

Therefore, it is recommended that Claim Two be dismissed for failure to state a claim.

### **Claim Three**

Plaintiff alleges in Claim Three that the defendant violated the OWBPA because he was not given 45 days to consider the separation agreement. Section 626(f)(1)(F)(ii) of Title 29, United States Code, provides that

> An individual may not waive any right or claim under [the ADEA] unless the waiver is knowing and voluntary. Except as provided in paragraph (2), a waiver may not be considered knowing and voluntary unless at a minimum . . . if a waiver is requested in connection with an exit incentive or other employment termination program offered to a group or class of employees, the individual is given a period of at least 45 days within which to consider the agreement . . . .

29 U.S.C. § 626(f)(1)(F)(ii)

This court agrees with the defendant that Claim Three should be dismissed. Based on the plain text of the OWBPA, quoted in relevant part above, the OWBPA only sets out the requirements for a waiver of ADEA claims. Whitehead v. Oklahoma Gas & Elec. Co., 187 F.3d 1184, 1191 (10th Cir. 1999). The OWBPA does not create an independent cause of action for affirmative relief other than declaratory or injunctive relief to negate the validity of the waiver, as it applies to an ADEA claim. See id. at 1191-92; Baker v. Washington Group Intern., Inc., 2008 WL 351396 (M.D. Pa. Feb. 7, 2008) ("[V]irtually every court that has confronted the issue has concluded that the OWBPA's waiver requirements do not create an independent cause of action.") (citing Whitehead); Syverson v. IBM, 2007 WL 2904252 (N.D. Cal. Oct. 3, 2007) ("[T]he OWBPA, by its plain terms, does not create an independent cause of action."); Piascik-Lambeth v. Textron Automotive Co., Inc., 2000 WL 1875873 (D.N.H. Dec. 22, 2000)

(same). Here, plaintiff does not allege in the Complaint that he executed the separation agreement or waived his ADEA claim. Therefore, as asserted by defendant, whether plaintiff knowingly and voluntarily waived a right or claim under the ADEA is simply not at issue in this case.

Based upon these findings, defendant's motion to dismiss Claim Three should be granted.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendant's Partial Motion to Dismiss (Docket No. 8) be **granted**, and plaintiff's Claims Two and Three be dismissed with prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: August 17, 2009　　　　　　　　　　s/ Michael J. Watanabe
　　　　Denver, Colorado　　　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge