**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-01028-CMA-MJW

STEPHEN BURDEN,

    Plaintiff,

v.

ISONICS CORP.,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING AUGUST 17, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the recommendations by Magistrate Judge Michael J. Watanabe that Defendant's Partial Motion to Dismiss be granted and that Plaintiff's claims for retaliation (Claim 2) and Violation of the Older Workers Benefit Protection Act ("OWBPA"), of 1990, 29 U.S.C. § 626(f)(1)(F)(ii) (Claim 3) be dismissed with prejudice.

Plaintiff has objected to the recommendation that his retaliation claim be dismissed and seeks to amend his retaliation claim to address the deficiencies highlighted by Mag. Judge Watanabe and Defendant. Additionally, Plaintiff has sought leave to replace his OWBPA claim with a breach of contract claim.

In light of the objections, the Court has conducted the requisite *de novo* review of the issues, the recommendations and Plaintiff's objections. Based on this review, the Court has concluded that Mag. Judge Watanabe's thorough and comprehensive analyses and recommendations are correct, for the reasons set forth below. Also,

Plaintiff's additional court submissions fail to show how he can remedy the defects in his retaliation claim.  Further, though Plaintiff does not need leave of the Court to amend his complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(A), for the following reasons, the Court does not see how Plaintiff could remedy the defects in his proposed breach of contract claim to survive a motion to dismiss.

**I.     Claim 2: Retaliation (under 29 U.S.C. § 626, *et. seq.*)**

    **A.     Plaintiff's Existing Retaliation Claim**

As Mag. Judge Watanabe duly notes, there are three elements to a retaliation claim: (1) that the plaintiff engaged in protected activity, (2) that the plaintiff suffered an adverse employment action, and (3) that a causal connection exists between the protected activity and the adverse action.  Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1122-23 (10th Cir. 2007).  J. Watanabe distilled three asserted adverse actions from Plaintiff's complaint: (a) that four similarly-situated employees had previously received substantially greater severance packages, (b) on March 20, 2007, Plaintiff was informed that he was being terminated, and (c) Plaintiff was denied the severance package.

The Court agrees with J. Watanabe's conclusion that Plaintiff's retaliation claim has two fatal deficiencies.  First, the facts alleged suggest that Plaintiff did not engage in protected activity (i.e. state his intent to seek counsel) until <u>after</u> two of the alleged adverse employment actions occurred (i.e., that four similarly-situated employees received substantially greater severance packages and that Plaintiff learned he was being terminated).  Consequently, Plaintiff failed to allege sufficient facts to support a causal connection between Plaintiff's protected activity and Defendant's actions.

Second, Defendant's revocation/denial of the severance package does not constitute an adverse employment action.  See  Miller v. Eby Realty Group, 241 F. Supp. 2d 1247, 1255-57 (D. Kan. 2003) (the defendant's revocation of offered severance benefits did not alter the terms and conditions of plaintiff's employment).

In other words, offers of severance benefits beyond the terms of the employment agreement and in exchange for the employer's release from all liability, without an employee's guarantee of such release, are offers of benefits not otherwise promised or owed.  Accordingly, the withdrawal of such enhanced benefits does not alter the terms, conditions, or benefits of the plaintiff's employment and, therefore, is not an adverse employment action.  In Miller, the plaintiff lodged a retaliation claim as a result of his employer's revocation of offered enhanced severance benefits after the plaintiff stated he was hiring counsel.  The court concluded that an employer may withdraw an offer of severance benefits after an "employee's refusal to waive his rights is accompanied by a statement that the employee is hiring legal counsel to pursue a discrimination claim." Id. at 1256.

In the instant litigation, Plaintiff has alleged that Defendant terminated him (and revoked its offer of additional severance benefits) after he stated his intention to seek counsel.  Though the Court cannot decipher from the complaint whether Plaintiff actually hired legal counsel or exactly why Plaintiff intended to seek counsel (whether for litigation advice or contractual advice, as Plaintiff contends in Doc. # 21 at 4), the principle in Miller is still applicable to the case at hand.  The revocation of offered benefits simply returned Plaintiff to the same position he had with the standard terms of his original employment contract.  Therefore, whether Plaintiff's stated intent to hire

counsel (for some undefined purpose) constitutes a protected activity is irrelevant. The revocation of additional severance benefits was not an adverse employment action. Plaintiff was neither entitled to nor promised those benefits.

### B.      Plaintiff's Request to Amend His Retaliation Claim

The Court has reviewed Plaintiff's exposition of additional facts, which he tenders in an attempt to preserve his retaliation claim (Doc. # 21). However, Plaintiff's attempt fails to meet the issues raised by Mag. Judge Watanabe. Plaintiff's retaliation claim is still based on the fact that (a) he "engaged in a protected activity by seeking legal council [sic]" and (b) "in spite of complying with the terms of the separation agreement, Plaintiff was prematurely terminated and the separation agreement cancelled prior to the expiration of the 45-day time period mandated by the OWBPA because he had exercised his legal rights". (Doc. # 21 at 3). Once again, Plaintiff has not, and likely cannot, allege that he was entitled to the additional benefits set forth in the Agreement. Because the revocation thereof is not an adverse employment action, Plaintiff cannot satisfy the second element of his retaliation claim. Plaintiff has not shown that his retaliation claim can surpass the Fed. R. Civ. P. 12(b)(6) threshold.

Therefore, the Court adopts Mag. Judge Watanabe's recommendation to **GRANT** Defendant's Motion to Dismiss Claim 2 (retaliation) with prejudice. Plaintiff is not permitted to amend his retaliation claim.

### II.      Claim 3: Violation of the OWBPA, 29 U.S.C. § 626(f)(1)(F)(ii)

The Court agrees with Mag. Judge Watanabe that Claim 3 (violation of the OWBPA, 29 U.S.C. § 626(f)(1)(F)(ii)) should be dismissed because "OWBPA only sets

out the requirements for a waiver of ADEA claims" and Plaintiff has not alleged "that he executed the separation agreement or waived his ADEA claim." (Doc. #20 at 9). Plaintiff concurs that "his third claim for relief...is inappropriate". (Doc. #21 at 5).

Therefore, the Court adopts Mag. Judge Watanabe's recommendation to **GRANT** Defendant's Motion to Dismiss Claim 3 (Violation of OWBPA) with prejudice.

### III.     Plaintiff's Request to Add a Breach of Contract Claim

Plaintiff seeks leave of the Court to amend his complaint to add a breach of contract claim. The Court notes that Plaintiff may amend his complaint once, as a matter of course and without the Court's leave, since Defendant has not yet served an answer. See FED. R. CIV. P. 15(a)(1)(A). However, upon review of the record, the Court does not see how Plaintiff can remedy the defects in his proposed breach of contract claim to surpass the Fed. R. Civ. P. 12(b)(6) threshold.

Plaintiff contends that he "compl[ied] with the terms of the separation agreement" and that "the separation agreement [was] cancelled". (Doc. #21 at 3). Plaintiff states that he "had fulfilled all the duties requested of him in the separation agreement" and that "[b]oth parties performed under the agreement in the time period [between] April 1 to May 16, 2007" (Doc. #21 at 4). Plaintiff further states that "he fulfilled his obligations specified in the Separation Agreement to transfer his knowledge" and that the parties' intent "was clear, Isonics needed the transfer of [Plaintiff's] knowledge and [Plaintiff] expected to receive at least the benefits offered..." (Doc. #21 at 4). In the alternative, Plaintiff contends that a "unilateral contract" exists or that his "partial performance" of his

obligations under the Agreement creates a binding contract, which should be enforced to prevent Defendant's unjust enrichment from Plaintiff's performance.

However, Plaintiff's interpretation of the Settlement Agreement is too simplistic. The Settlement Agreement was clearly a bilateral contract, an exchange of mutual promises. In exchange for Plaintiff's "release[ ] and discharge[ ]" of Isonics from "any and all claims and causes of action arising" and return of all property and transfer of knowledge, among other conditions, Isonics agreed to the provision of certain benefits (i.e., salary, insurance) for a period of six months. (Doc. #21, Ex. 2 at ¶¶ 1, 4(a)). In other words, Isonics' promise to provide Plaintiff with certain benefits was conditioned upon the fulfillment of his obligations under the Agreement, including "his receipt of a fully executed and notarized copy of this Agreement." (Id. at ¶ 4(a)). Plaintiff's alleged part performance does not amount to acceptance. Moreover, the release provision appears to be a material term of the Agreement.

It is equally apparent that Plaintiff did not accept the Agreement because he retained his option to reject the offer by seeking the advice of counsel. There was no meeting of the minds. Plaintiff had not yet determined whether he assented to all the Agreement's terms, including the waiver of his rights. Moreover, "[w]hen an offer is received, the offeror creates a power of acceptance in the offeree, however...the offeror retains a power of revocation and withdrawal." 1-2 CORBIN ON CONTRACTS, § 2.18 (2009). "Even though the offeror states when making the offer that the offeree shall have a definitely stated time in which to accept, or states that the offer will remain open for a definite time, the offer is nevertheless revocable at the will of the offeror." Id. In

the instant case, the Agreement contained no provision regarding Plaintiff's time to accept. Therefore, the Agreement was subject to Defendant's revocation at any time.

Accordingly, IT IS ORDERED that the August 17, 2009 Recommendation of United States Magistrate Judge Michael J. Watanabe (Doc. # 20) is ACCEPTED and, for the reasons cited therein, Defendant's Partial Motion to Dismiss (Doc. # 8) is GRANTED and Plaintiff's claims for retaliation (Claim 2) and violation of OWBPA (Claim 3) are DISMISSED WITH PREJUDICE.

DATED: October 15, 2009.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge